IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00030 SOM 01 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN |
| | ) | SUPPORT OF MOTION |
| vs. | ) | |
| | ) | |
| SEON HWA KIM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION

**I.   Introduction**

On October 4, 2004, SEON HWA KIM ("Sunny Kim") was sentenced to 3 years of probation for her involvement in structuring a financial transaction, the sale of her business, R & R Fitness, to avoid Cash Transaction Reporting (CTR) requirements in violation of 31 U.S.C. sec. 5313 (a). The offense occurred more than nine years ago, in June, 1997. At the time of her sentencing the defendant, had already relocated from Hawaii to the state of Washington to be closer to her father who resides near Seattle, Washington.

Since being placed on probation, the defendant has had significant changes in her life. Sunny Kim is now a 39 year-old, gainfully employed married mother. First, she obtained employment as a loan officer for Quintet Mortgage Company while at the same time operated a small hair salon. Next, in 2005 she became engaged and was married on March 19, 2005. In May of this year, Sunny gave birth to her first child, James. Sunny's postpartum recovery was difficult and she had to close down her hair salon. She now works part-time for the mortgage company and recently started a new seafood sales business with her husband. Her father is now retired from employment at the Seattle Tacoma airport and depends on Sunny and her brothers for support.

Since receiving her sentence, the defendant has completed all the terms of her sentence except for completing the full term of supervision which expires in October, 2007. She has never had a substance abuse problem and has been fully compliant with all the conditions of her supervision. Although Sunny has resided exclusively in the United States for the past fourteen years, she is still a citizen of South Korea. She is applying for U.S. citizenship and in order to become a naturalized citizen she cannot be on probation. Thus, she respectfully requests herein that the Court grant an early termination of her supervision, effective as of

the date of any hearing on this Motion or at any other time in the near future that the Court deems to be appropriate under the circumstances on compassionate grounds in order to permit the defendant to go forward with her naturalization application.

## II. Discussion

In the present case, Sunny Kim is requesting that the Court review her exemplary post-sentencing conduct and her need to be off probation in order to become a naturalized U.S. citizen and determine that the interests of justice do not require continuing her term of probation for an additional year.

The statutes authorize the Court to terminate a sentence of probation based upon the "conduct of the person" or in the "interests of justice." 18 U.S.C. § 3564(c) provides that the court may:

> terminate a term of probation previously ordered and discharge the defendant ... after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Since committing the instant offense, Kim has returned to the state of Washington to be closer to her family. She has demonstrated responsibility by maintaining employment. She has completed all terms of her sentence except for

completion of the last year of supervision. Since being placed on probation, she has married and had a child.

Sunny Kim has never had a drug or alcohol problem. She has suffered the deep remorse, shame and embarrassment over her criminal conviction.

Three extremely important justifications for probation: 1) to monitor the payment of fines; 2) to monitor abstinence or treatment for substance abuse; and, 3) to provide employment assistance are not present in this case.

In the present case, the limited resources of the Probation office would be more efficiently utilized by shortening the term of the defendant's probation and redirecting these resources towards other defendants where assistance is needed. Certainly, there are others on supervision who would benefit from more intensive supervision and assistance in employment, treatment and monitoring.

### III. Conclusion

Three fundamental reasons for probation: enforcing and monitoring fine payments; drug testing/treatment; and employment assistance are not concerns in Kim's case. She is gainfully employed and is not a substance abuser. Her adjustment to and compliance with supervision has been exemplary. Sunny enjoys the support of her siblings, father and husband. She seeks termination of her

probation so that she can advance her long time goal of becoming a United States citizen. The interests of justice simply do not require continuing her term of probation in this case. To the contrary, the limited resources of the probation office would be better used in cases where the defendant needs the assistance or monitoring provided by that office.

For all the above-stated reasons, the defendant requests that the Court grant her Motion for Early Termination of Probation.

DATED: Honolulu, Hawaii, October 19, 2006.

_____
RUSTAM A. BARBEE
Attorney for Defendant
SEON HWA KIM